## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## MCALLEN DIVISION

| | |
|---|---|
| ALFREDO F. GONZALEZ, JR., | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 7:19-cv-00118 |
| ONEMAIN FINANCIAL GROUP, LLC, | DEMAND FOR JURY TRIAL |
| Defendant. | |

## **COMPLAINT**

NOW comes ALFREDO F. GONZALEZ, JR. ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of ONEMAIN FINANCIAL GROUP, LLC ("Defendant"), as follows:

### NATURE OF THE ACTION

1.  Plaintiff brings this action for damages pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 *et seq.*, and the Texas Debt Collection Act ("TDCA") under Tex. Fin. Code Ann. § 392 *et seq.*, for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2.  This action arises under and is brought pursuant to the TCPA.  Subject matter jurisdiction is conferred upon this Court by 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3.  Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Southern District of Texas and a substantial portion the events or omissions giving rise to the claims occurred within the Southern District of Texas.

PARTIES

4.  Plaintiff is a natural person over 18 years-of-age residing in Hidalgo County, Texas, which is located within the Southern District of Texas.

5.  Plaintiff is a "person" as defined by 47 U.S.C. §153(39).

6.  Defendant is engaged in the business of offering lending services and collecting or attempting to collect, directly or indirectly, debts owed or due using the mail and telephone from consumers across the country, including consumers located in the state of Texas.  Defendant is a corporation organized under the laws of the state of Delaware, with its principal place of business located at 100 International Drive, 18th Floor, Baltimore, Maryland 21202.

7.  Defendant is a "person" as defined by 47 U.S.C. §153(39).

8.  Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

FACTS SUPPORTING CAUSES OF ACTION

9.  Several months ago, Plaintiff purchased an automobile, which he financed through Defendant.

10. Due to financial hardship, Plaintiff fell behind on his scheduled payments to Defendant, thus incurring debt ("subject debt").

11. Around early 2019, Plaintiff began receiving calls to his cellular phone, (956) XXX-4151, from Defendant seeking to collect upon the subject debt.

12. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in -4151. Plaintiff is and has always been financially responsible for the cellular phone and its services.

13. Defendant has primarily used the phone number (956) 969-1010 when placing collection calls to Plaintiff's cellular phone. Upon information and belief, Defendant has also used other phone numbers as well.

14. Upon information and belief, the above-referenced phone number ending in -1010 is regularly utilized by Defendant during its debt collection activity.

15. During answered calls, Plaintiff has been subjected to a noticeable pause, causing Plaintiff to say "hello" several times, before being connected to a live representative.

16. Upon speaking with one of Defendant's representatives, Plaintiff was informed that Defendant was attempting to collect upon the subject debt.

17. Plaintiff explained his inability to address the subject debt and demanded that Defendant contact his bankruptcy attorney instead.

18. Yet, Defendant's subsequent harassing phone calls persisted, which prompted Plaintiff to answer and demand that it cease contacting him.

19. Despite Plaintiff's efforts, Defendant continued to regularly call his cellular phone through the filing of this lawsuit.

20. Defendant has also placed multiple calls to Plaintiff's cellular phone during the same day, even after being notified to stop.

21. Plaintiff has received not less than 20 phone calls from Defendant since asking it to stop calling.

22. Frustrated over Defendant's conduct, Plaintiff spoke with Sulaiman regarding his rights, resulting in expenses.

23. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

24. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of his telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on his cellular phone, and diminished space for data storage on his cellular phone.

## COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

25. Plaintiff repeats and realleges paragraphs 1 through 24 as though fully set forth herein.

26. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") or pre-recorded messages without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

27. Defendant used an ATDS in connection with its communications directed towards Plaintiff's cellular phone. The noticeable pause that Plaintiff experienced upon answering Defendant's calls, as well as the fact that Plaintiff had to repeatedly say "hello" before he was connected with a live representative, is instructive that an ATDS was being utilized to generate the phone calls. Additionally, Defendant's continued contacts after Plaintiff demanded that the phone calls stop further demonstrates Defendant's use of an ATDS. Moreover, the nature and frequency of Defendant's contacts points to the involvement of an ATDS.

28.  Defendant violated the TCPA by placing at least 20 phone calls to Plaintiff's cellular phone using an ATDS without his consent. Any consent that Plaintiff may have given to Defendant was specifically revoked by Plaintiff's demands that it cease contacting him.

29. The calls placed by Defendant to Plaintiff were regarding collection activity and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

30.  Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call.  Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, ALFREDO F. GONZALEZ, JR., respectfully requests that this Honorable Court enter judgment in his favor as follows:

a.  Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b.  Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c.  Awarding Plaintiff costs and reasonable attorney fees;

d.  Enjoining Defendant from further contacting Plaintiff seeking payment of the subject debt; and

e.  Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

31.  Plaintiff restates and realleges paragraphs 1 through 30 as though fully set forth herein.

32.  Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

33.  Defendant is a "debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6).

34.  The subject debt is a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

### a.  Violations of TDCA § 392.302

35. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.302(4), states that "a debt collector may not oppress, harass, or abuse a person by causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number."

36. Defendant violated the TDCA when it continued to call Plaintiff's cellular phone at least 20 times after he notified it to stop calling.  The repeated contacts were made with the hope that Plaintiff would succumb to the harassing behavior and ultimately submit a payment. Rather than understanding Plaintiff's situation and abiding by his wishes, Defendant continued in its harassing campaign of phone calls in hopes of extracting payment.

37. Upon being told to stop calling and that Plaintiff was filing for bankruptcy, Defendant had ample reason to be aware that it should not continue its harassing calling campaign.  Yet, Defendant consciously chose to continue placing systematic calls to Plaintiff's cellular phone knowing that its conduct was unwelcome.

### b.  Violations of TDCA § 392.304

38. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.304(19) prohibits a debt collector from "using any . . . false representation or deceptive means to collect a debt or obtain information concerning a consumer."

39. Defendant violated the TDCA through the implicit misrepresentations made on phone calls placed to Plaintiff's cellular phone. Through its conduct, Defendant misleadingly represented to

Plaintiff that it had the lawful ability to continue contacting his cellular phone using an automated system absent his consent. Such lawful ability was revoked upon Plaintiff demanding that Defendant stop calling his cellular phone, illustrating the deceptive nature of Defendant's conduct.

WHEREFORE, Plaintiff, ALFREDO F. GONZALEZ, JR., respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Entitling Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1).

c. Awarding Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2).

d. Awarding Plaintiff punitive damages, in an amount to be determined at trial, for the underlying violations;

e. Awarding Plaintiff costs and reasonable attorney fees, pursuant to Tex. Fin. Code Ann. § 392.403(b);

f. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject debt; and

g. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: April 12, 2019                                     Respectfully submitted,

s/ Nathan C. Volheim (Lead Attorney)            s/Taxiarchis Hatzidimitriadis
Nathan C. Volheim, Esq. #6302103                 Taxiarchis Hatzidimitriadis, Esq. #6319225
*Counsel for Plaintiff*                                       *Counsel for Plaintiff*
Admitted in the Southern District of Texas       Admitted in the Southern District of Texas
Sulaiman Law Group, Ltd.                             Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200             2500 South Highland Ave., Suite 200
Lombard, Illinois 60148                                Lombard, Illinois 60148
(630) 568-3056 (phone)                               (630) 581-5858 (phone)
(630) 575-8188 (fax)                                   (630) 575-8188 (fax)
nvolheim@sulaimanlaw.com                          thatz@sulaimanlaw.com